OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Diane Miller appeals the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, overruling her motion to vacate the separation agreement she entered into with Appellee Gary Miller. Diane claims that the agreement should be vacated based upon her mental condition at the time of the agreement. However, Diane has not met her burden of proving that she lacked the legal capacity to enter into the agreement. Accordingly, we affirm the decision of the trial court.
 Facts {¶ 2} On July 18, 2003, Gary filed a complaint for divorce. At trial, the parties represented to the court through counsel that they had reached a settlement agreement on all issues. The agreement was then dictated into the record. On May 18, 2004, the court ordered the parties to reduce the agreement to writing and submit a judgment entry signed by the parties to the court within 30 days. Gary prepared a judgment entry in accordance with the court's order. However, Diane refused to sign it. As a consequence, the trial court scheduled a hearing to determine why the entry had not been signed.
 {¶ 3} On July 15, 2004, the trial court conducted a hearing at which time Diane informed the court that she was too emotional at the time of the hearing to understand the nature of the agreement and that her prior counsel did not obtain adequate discovery to enable her to make an informed decision. Diane alleged that she never saw copies of Gary's pay stubs, that he did not equally divide his income tax return after he agreed to divide it, and that Gary closed bank accounts in violation of a restraining order. She claimed that the agreement left her without a vehicle and home and that enforcing the agreement would create an injustice. Diane further argued that she had been a dutiful wife for 22 years and that she had always put the needs of Gary and the children first. Finally, she maintained that she had no education but had wanted to go to school, yet did not receive everything she wanted in the settlement agreement. Diane then requested that the court either dismiss the complaint for divorce or grant her a continuance to re-negotiate a settlement.
 {¶ 4} The court took the issue under advisement and then granted the parties' divorce on July 19, 2004 pursuant to the terms of the settlement agreement previously read into the record. On August 24, 2004, Diane filed an appeal with this court but then requested it be voluntarily dismissed on February 11, 2005. On that same day, she filed a Motion to Vacate Decree of Divorce as to Assets and Liabilities with the trial court. The trial court held a hearing on the motion which it later denied. Civ.R. 60(B)
 {¶ 5} As her sole assignment of error, Diane argues:
 {¶ 6} "At the time of the hearing, Defendant, Diane Miller, lacked the legal capacity to enter into a binding, enforceable contract pursuant to Ohio law such that the resulting separation agreement adopted by the court and incorporated into the decree of divorce should be set aside as null and void."
 {¶ 7} Ohio courts apply a three-part test to determine whether a party is entitled to relief pursuant to Civ.R. 60(B). The moving party must show: (1) a meritorious claim or defense if relief is granted; (2) entitlement to the relief under Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A trial court's decision to grant or deny a motion to vacate will not be overturned on appeal unless the appealing party shows that the trial court abused its discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 8} The trial court's treatment of the second prong regarding entitlement to relief is dispositive of this appeal. Pursuant to Civ.R. 60 (B) a trial court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 9} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 10} Although not specifically stated, it appears that Diane relies upon Civ.R. 60 (B)(5) in her motion to vacate. More specifically, Diane maintains that the decree of divorce should be vacated because her emotional state interfered with her ability to adequately represent her interest during the divorce proceedings.
 {¶ 11} Where parties enter into a settlement agreement in the presence of the trial court, such an agreement constitutes a binding contract. Walther v. Walther (1995),102 Ohio App.3d 378, 383, citing to Spercel v. Sterling Industries, Inc.
(1972), 31 Ohio St.2d 36, paragraph one of the syllabus. As such, principles of contract law apply to determine Diane's capacity to enter into a contract. The proper test for mental competency to contract is whether the person claimed to be incompetent understood the nature of the transaction and the effects of his or her own actions. Giurbino v. Giurbino (1993)89 Ohio App.3d 646, 658. It is well settled that a party seeking to void a contract because of lack of mental capacity has the burden of proof by clear and convincing evidence. Willis v. Baker (1906),75 Ohio St. 291; DiPietro v. DiPietro (1983),10 Ohio App.3d 44.
 {¶ 12} Here, in support of her claim that she was incompetent at the time she entered into the separation agreement, Diane presented the court with a written report and oral testimony from Dr. Mary Newell Waller, a psychologist. Dr. Waller explained in her report that she met with Diane on two occasions. Diane informed the doctor that based on her husband's infidelity; she had attempted suicide multiple times and suffered from severe depression. She also told the doctor that she experienced dissociative symptoms during the divorce proceedings, or in other words, felt like she was outside of her body. Diane expressed concern to the doctor that her emotional state had prevented her from participating in the proceedings and that the settlement left her with inadequate financial resources. After seeing Diane for approximately two hours, Dr. Waller diagnosed Diane with Major Depressive Disorder and concluded that her emotional state did interfere with her ability to represent herself.
 {¶ 13} Despite this evidence, the trial court found Diane's claim of incapacity and incompetence lacked credibility. That rationale alone would serve as a sufficient basis for us to affirm the trial court's decision. As the trier of fact, the court was in the best position to evaluate the demeanor of the witness while she testified. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 14} However, the court further explained its decision to deny Diane's motion, stating:
 {¶ 15} "Defendant admitted that she was able to take part in negotiations with opposing counsel and Plaintiff prior to reading the settlement agreement into the record. Furthermore, she did not sit idly by while the agreement was read into the record. She took an active part. For instance, Defendant was able to state the location of her bank account and the current balance. She alerted the Court and Plaintiff to her Wal-Mart stock. She questioned Plaintiff about his VA life insurance. She was able to request a full face motorcycle helmet and her Yanni, Mozart, and Ozzy Osborne compact discs. She was also able to respond that the only thing she has yet to receive is closure.
 {¶ 16} "Defendant was questioned extensively by the Court about the settlement agreement and her feelings about the same. For instance, the Court specifically asked Defendant whether she was under any emotional condition or whether the divorce was so overwhelming that it stopped her from thinking clearly. Defendant responded in the negative. There was no indication by Defendant or her counsel that she did not understand the terms of the agreement. Defendant responded that she was satisfied with every portion of the agreement and asked that the Court adopt the agreement. Defendant was given more than one opportunity to voice any objection or dissatisfaction with any term or provision of the settlement agreement.
 {¶ 17} "The Court further finds that the testimony of Dr. Waller does not conclusively show that Defendant's emotional state precluded her from understanding the settlement agreement. Dr. Waller spent only a few short hours with Defendant. The timing was after Defendant appeared in court and after the settlement agreement was reached. Dr. Waller's diagnosis was based exclusively on symptoms and statements that Defendant relayed to her during her two sessions. Dr. Waller could not be certain whether Defendant was suffering from depression on May 18, 2004.
 {¶ 18} "Furthermore, even if Defendant was suffering from depression in May of 2004, it does not conclusively follow that a state of depression precludes a party from thinking clearly or understanding an agreement. Dr. Waller testified that she has seen patients who were depressed and were nonetheless able to obtain a divorce."
 {¶ 19} In Killa v. Killa (Feb. 6, 2004), 7th Dist. No. 03 MA 101, this court applied similar reasoning to a domestic case where the appellant claimed that she was distraught over the GAL's recommendation, had been ill for a week, and was unable to think clearly. The appellant further contended that she misunderstood the terms to which she consented and blamed this on being overwhelmed by illness, personal grief, and the pressure to settle. Finally, the appellant asserted that she was incapable of comprehending the advice of her counsel, thus she could not give an informed consent.
 {¶ 20} This court upheld the trial court's denial of her motion to vacate explaining that the trial court made sure that appellant was well aware of what she was agreeing to and that she wanted to settle the case. In addition, as Appellee's counsel read the parties' agreement into the record, the court and appellant interrupted and asked questions. This court reasoned that:
 {¶ 21} "Appellant cannot now claim that she was unaware of what she agreed to at the time of settlement. While she may have felt ill, stressed, or pressured, this is most likely not uncommon for parties in a contested divorce action. The record gives no indication that appellant was unaware of what she agreed to. She asked questions of her counsel and of the court when she needed clarification on particular issues. She told the court she was able to think clearly and was not under any type of drugs, physical impairment, or stress that hampered her ability to understand what she agreed to. So appellant does not have a meritorious claim or defense to present, thus she cannot meet the first GTE requirement." Id. at ¶ 82.
 {¶ 22} Other courts have come to similar conclusions regarding depression and divorce. Notably, the Tenth District has commented that:
 {¶ 23} "[a] state of depression is not equivalent to mental incompetency. If agreements between husbands and wives could be set aside on the ground that one of the parties was severely depressed when he or she signed the agreement, separation agreements and other agreements executed by persons involved in dissolution or divorce proceedings would tumble like pins on a bowling alley." DiPietro v. DiPietro (1983), 10 Ohio App.3d 44,49.
 {¶ 24} This case is no different. Diane has failed to meet her burden of proving that she was incapable of understanding the nature of the proceedings going on around her, especially when she actively participated in her divorce in open court. Accordingly, Diane's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.