[Cite as *PNC Bank, Natl. Assn. v. JP Morgan Chase Bank, Natl. Assn.*, 2013-Ohio-1046.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO NATIONAL CITY BANK, N.A. | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Case No. 12 CAE 07 0042 |
| -vs- | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST OF CERTAIN ASSETS AND LIABILITIES FROM THE FEDERAL DEPOSIT AND INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK, F.A. | O P I N I O N |
| Defendant-Appellant | |

CHARACTER OF PROCEEDING:  Appeal from the Delaware County Court of
                 Common Pleas, Case No. 08 CVE 11 1568


JUDGMENT:          Affirmed


DATE OF JUDGMENT ENTRY:   March 18, 2013

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JAMES R. MOATS         O. JUDSON SCHEAF, III
BROAM T. JOHNSON        GABE J. ROEHRENBECK
Carille Patchen & Murphy LLP    JASON R. HARLEY
366 East Broad Street       Welin, O'Shaughnessy & Scheaf LLC
Columbus, Ohio 43215       240 N. Fifth Street, Suite 300
                 Columbus, Ohio 43215

*Hoffman, J.*

{¶1} Defendant-appellant JP Morgan Chase Bank, National Association, Successor In Interest of Certain Assets and Liabilities from the Federal Deposit and Insurance Corporation, As Receiver for Washington Mutual Bank, F.A. appeals the June 13, 2012 Judgment Entry entered by the Delaware County Court of Common Pleas denying its motion for relief from judgment pursuant to Ohio Civil Rule 60(B). Plaintiff-appellee is PNC Bank, National Association, Successor in Interest to National City Bank, N.A.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 19, 1998, Tushar Shelat opened a revolving line of credit with National City Bank. Ruma T. Shelat guaranteed the note. The Shelats granted National City Bank a mortgage lien to secure the line of credit.

{¶3} On January 13, 2003, the Shelats borrowed $840,000 from Washington Mutual Bank, granting Washington Mutual a mortgage lien to secure the loan. On January 17, 2003, pursuant to the terms of the loan, $215,964.53 was paid to National City Bank on the line of credit.

{¶4} Subsequent to paying the proceeds from the Washington Mutual loan on the National Bank line of credit, the Shelats proceeded to incur an additional $286,615.04 on the National City Bank line of credit.

{¶5} On September 25, 2008, JP Morgan Chase purchased substantially all of Washington Mutual's secured assets, including the mortgage at issue.

**{¶6}** On November 24, 2008, National City Bank filed a foreclosure action against Tushar B. Shelat and Ruma T. Shelat, naming Washington Mutual Bank, JP Morgan Chase Bank's predecessor in interest, as a necessary party defendant.

**{¶7}** On February 9, 2009, National City Bank moved for default judgment as Washington Mutual had not responded to the complaint.

**{¶8}** On March 31, 2009, the trial court granted the motion for default judgment, and issued a judgment of foreclosure in favor of National City Bank.

**{¶9}** On July 12, 2010, Appellant JP Morgan Chase Bank filed an Ohio Civil Rule 60(B) motion for relief from the judgment. JP Morgan Chase maintains their legal department never received the summons and complaint pursuant to the established corporate policy for handling judicial documents.

**{¶10}** On June 8, 2011, via Magistrate's Order, the trial court denied the motion.

**{¶11}** Appellant filed objections to the Magistrate's Order. Via Judgment Entry of June 13, 2012, the trial court overruled the objections, and adopted the order of the Magistrate.

**{¶12}** Appellant JP Morgan Chase now appeals, assigning as error:

**{¶13}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIV.R. 60(B)(1) MOTION FOR RELIEF FROM A JUDGMENT ENTRY AND DECREE OF FORECLOSURE (THE 'FORECLOSURE ENTRY') (A COPY OF THE FORECLOSURE ENTRY IS ATTACHED HERETO AS APPENDIX A) BECAUSE (1) IT FILED ITS MOTION WITHIN A REASONABLE TIME AND LESS THAN ONE YEAR AFTER THE FORECLOSURE ENTRY; (2) IT HAS A MERITORIOUS DEFENSE TO THE CLAIMS;

AND (3) ITS FAILURE TO TIMELY RESPOND RESULTED FROM EXCUSABLE NEGLECT.

**{¶14}** "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIV.R. 60(B)(5) MOTION FOR RELIEF FROM THE FORECLOSURE ENTRY BECAUSE (1) THAT MOTION WAS MADE WITHIN A REASONABLE TIME AFTER THE FORECLOSURE ENTRY; (2) APPELLANT HAS A MERITORIOUS DEFENSE TO THE CLAIMS; AND (3) THE FORECLOSURE ENTRY WAS ERRONEOUS AND/OR CONSTITUTES EXTRAORDINARY CIRCUMSTANCES THAT WILL CAUSE SUBSTANTIAL INJUSTICE.

**{¶15}** "III. THE TRIAL COURT COMMITTED PLAIN ERROR BY ENTERING THE FORECLOSURE ENTRY AND DENYING APPELLANT'S MOTION FOR RELIEF FROM IT BECAUSE THOSE DECISIONS RESULT IN A MANIFEST MISCARRIAGE OF JUSTICE AND HAVE A MATERIAL ADVERSE EFFECT ON THE CHARACTER OF, AND PUBLIC CONFIDENCE IN, JUDICIAL PROCEEDINGS."

I, II, & III

**{¶16}** Appellant's assigned errors raise common and interrelated issues; accordingly, we will address the arguments together.

**{¶17}** Initially, we note, a Rule 60(B) motion is not a substitute for direct appeal. *Key v. Mitchell,* 81 Ohio St.3d 89, 689 N.E.2d 548, 1998–Ohio–643; *Bobardier Capital, Inc. v. W.W. Cycles, Inc.* 155 Ohio App.3d 484, 801 N.E.2d 900, 2003–Ohio–6716; *Citimortgage, Inc. v. Buttermore*, 5th Dist. 2012CA00004, 2012CA00071, 2012-Ohio-5351.

**{¶18}** Civil Rule 60(B) provides,

**{¶19}** "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

**{¶20}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶21}** Appellant initially sought relief from judgment under (B)(2), excusable neglect. Appellant argues the failure to timely answer was the result of Washington Mutual's collapse and JP Morgan's purchase of the secured assets of Washington Mutual such that the procedures to process legal documents did not work in this unique circumstance. Alternatively, Appellant asserts, pursuant to 60(B)(5), the foreclosure entry would result in windfalls for both Appellee and the Shelats in addition to extreme prejudice to Appellant. The Shelats' personal liability on the note was discharged in

bankruptcy, and the Shelats' grown children purchased the property at Sheriff's sale free of encumbrance.

**{¶22}** The question of whether a motion for relief from judgment should be granted is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  *Strack v. Pelton* (1994), 70 Ohio St.3d 172.

**{¶23}** Washington Mutual Bank was served with several legal documents during the course of the proceedings below and never responded.  As such, we do not find the trial court abused its discretion in not finding excusable neglect on Appellant's part.  We note, Rule 60(B)(1) does not allow for relief from judgment for excusable neglect outside of one year from the date of judgment.  Further, the Ohio Supreme Court has held Civil Rule 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civil Rule 60(B*)." Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64.

**{¶24}** In *Daroczy v. Lantz,* 10th Dist. 2002, 2002 Ohio 5417, the Tenth District held where a party had the opportunity to but failed to pursue an appeal, the application of Civil Rule 60(B)(5) was barred as the movant could not achieve by Civil Rule 60(B)(5) what it could have timely pursued on appeal.

**{¶25}** Here, Appellant did not file a timely appeal and is barred from consideration of Civil Rule 60(B)(1)-(4).  Accordingly, we find the trial court did not abuse its discretion in denying the Rule 60(B) motion for relief from judgment.

{¶26} The June 13, 2012 Judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO NATIONAL CITY BANK, N.A. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST OF CERTAIN ASSETS AND LIABILITIES FROM THE FEDERAL DEPOSIT AND INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK, F.A. | : | |
| | : | |
| | : | |
| | : | |
| | : | Case No. 12 CAE 07 0042 |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion, the June 13, 2012

Judgment of the Delaware County Court of Common Pleas is affirmed. Costs

to Appellant.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER