[Cite as *US Bank Natl. Assn. v. Avery*, 2015-Ohio-3908.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| US BANK NATIONAL ASSOCIATION | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JOHN E. AVERY, ET AL. | : | Case No. 14CA89 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 12CV0533


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        September 23, 2015


APPEARANCES:

For Plaintiff-Appellee

SCOTT A. KING
TERRY W. POSEY, JR.
10050 Innovation Drive
Suite 400
Miamisburg, OH 45342

For Defendants-Appellants

DANIEL L. MCGOOKEY
KATHRYN M. EYSTER
225 Meigs Street
Sandusky, OH 44870

*Farmer, J.*

{¶1} On May 8, 2012, appellee, U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-2, Home Equity Pass-Through Certificates, Series 2006-2, filed a foreclosure complaint against appellants, John and Florine Avery, and others, for money due and owing on a mortgage secured by a note. Appellant John Avery had received a Chapter 7 discharge in bankruptcy; therefore, his personal liability on the note had been extinguished.

{¶2} On March 19, 2013, appellee filed a motion for summary judgment, claiming genuine issues of material fact did not exist. By in rem judgment entry filed May 6, 2013, the trial court granted the motion and ordered foreclosure.

{¶3} On August 21, 2014, appellants filed a Civ.R. 60(B) motion for relief from judgment, claiming appellee did not establish that it was entitled to enforce the mortgage and note and met the conditions precedent prior to filing the foreclosure complaint, and did not act equitably in the case. By order filed October 16, 2014, the trial court denied the motion, finding appellants did not raise any meritorious claims and/or defenses and the motion was not made within a reasonable time.

{¶4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF."

I

{¶6}    Appellants claim the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment.  We disagree.

{¶7}    A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).  Appellants based their Civ.R. 60(B) motion on "any other reason justifying relief from the judgment."  Civ.R. 60(B)(5).  In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶8}    Appellants argue they have meritorious claims to present: 1) appellee failed to establish it was the holder of the mortgage and note, 2) appellee did not establish it met the conditions precedent to filing the foreclosure complaint, 3) appellee

did not act in accordance with a consent judgment executed on April 4, 2012 in *United States v. Bank of America Corporation,* Case No. 12CV0361, United States District Court for the District of Columbia, and 4) justice and equity require relief from judgment because of appellee's actions pre-suit and post-judgment.

{¶9}   On March 19, 2013, appellee filed a motion for summary judgment with attached affidavits and assignments of mortgage and note.  In their response filed April 26, 2013, appellants alleged the amounts due were incorrect and included an affidavit of appellant John Avery.  On May 6, 2013, the trial court granted the summary judgment motion and filed an in rem judgment entry and decree of foreclosure.

{¶10} Appellants did not file an appeal of the trial court's May 6, 2013 judgment entry.  Also, appellants' response to the summary judgment motion did not raise any of the issues argued in their Civ.R. 60(B) motion.

{¶11} In *Bank of America, N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, the Supreme Court of Ohio reviewed the issue of whether a party could collaterally attack a foreclosure order by attacking the issue of standing via a Civ.R. 60(B) motion. In finding a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal, the court found the Kuchtas did not allege intrinsic fraud, and stated the following at ¶ 15-16:

Further, because the issue of standing could have been and in fact was raised during the foreclosure proceedings, res judicata prevents the Kuchtas from using the issue to establish entitlement to relief.  Ohio's Civ.R. 60(B) is substantially equivalent to Fed.R.Civ.P. 60(b), which

codified the centuries-old "rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments" regardless of their finality. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. *Id.* However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision. *Ackerman v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. In this case, the Kuchtas filed a Civ.R. 60(B) motion in order to relitigate an issue that they had raised at the start of litigation and which they failed to appeal. Thus, the doctrine of res judicata bars their attempted collateral attack against the judgment in foreclosure.

{¶12} In its October 16, 2014 order denying the Civ.R. 60(B) motion, the trial court correctly concluded that the time to challenge appellee's standing or status as the holder of the mortgage and note and conditions precedent was at the motion for summary judgment. Appellants did not do so; therefore, Civ.R. 60(B) relief is not appropriate or warranted.

{¶13} As for the consent judgment claim, we concur with the trial court's analysis that the consent judgment in not enforceable by third-parties and appellants were not parties to the consent judgment, and it was without jurisdiction to enforce the consent agreement.

{¶14} Appellants also argue the facts sub judice cry for equitable relief. Specifically, in their August 21, 2014 Civ.R. 60(B) motion, appellants argued appellee's pre-suit and post-judgment actions require relief:

In February 2011, the Averys were advised by the lender's representatives to quit paying so they could apply for loan modification after being 3 months behind. As a result of this representation, they quit paying on the loan. The Averys were further informed they would qualify for a loan modification. Shortly thereafter, the Averys were informed the investor would not allow a second loan modification (their loan had a previous loan modification). The lender continued to accept financials, informing the Averys that there were certain facts and circumstances that would allow an exception to the investor's guideline.

\*\*\*

In November 2013, the Averys were approved for $25,000 reinstatement money as long as the Averys contributed an additional $47,200. The Averys pulled from retirement and sent to the HUD agency the amount of $47,200. This money was sent in a timely manner. The HUD agency attempted to send the reinstatement money to the lender

prior to the expiration of the reinstatement quote but the lender increased the reinstatement amount by another $9,000, unexpectedly and without explanation. The Averys did not have another $9,000. As a result, Ohio's Save the Dream program sent $47,200 back to the Averys and closed the file.

***

The lender has continued to ask for financials and then deny based upon the investor guideline. It was apparent after the last submission and denial that the lender has no intent to help borrowers. As a result, the Averys immediately sought counsel.

{¶15} We find any pre-suit claims appellants had against appellee were extinguished by the failure to raise those defenses in their answer or at the motion for summary judgment. Although appellants' May 18, 2012 answer claimed appellee was barred from bringing suit because appellants were pursuing a workout agreement, this claim or any facts to substantiate it were not presented in the defense for summary judgment. Therefore, we conclude any pre-suit action is barred under the doctrine of res judicata and failure to appeal the May 6, 2013 judgment entry.

{¶16} As for appellants' post-judgment claims, post-judgment attempts to settle may very well mitigate on the issue of timeliness of a Civ.R. 60 motion, but do not attack the legality or sufficiency of the judgment. The delay caused by the attempts to resolve this "in rem only" action afforded appellants additional opportunities to keep their property. These delays do not demonstrate that appellants' were prejudiced.

{¶17}  Upon review, we find the trial court did not err nor abuse its discretion in denying appellants' Civ.R.  60(B) motion for relief from judgment.

{¶18}  The sole assignment of error is denied.

{¶19}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 831