[Cite as *Sheridan v. Dobos*, 2016-Ohio-3155.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| WILLIAM K. SHERIDAN, ET AL | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellees | : | Hon John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15 CAE 09 0075 |
| DAVID A. DOBOS, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                             Court of Common Pleas, Case No. 11 CVC
                             07 0812

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 24, 2016

APPEARANCES:

For Plaintiffs-Appellees              For Defendants-Appellants

DAVID ISON                            CLIFFORD ARNEBECK, JR.
10 Village Point Drive                1021 East Broad Street
Box 1108                              Columbus, OH 43205
Powell, OH 43065

*Gwin, J.*

**{¶1}** Appellant appeals the August 31, 2015 judgment entry of the Delaware County Court of Common Pleas denying his motion for relief from judgment.

*Facts & Procedural History*

**{¶2}** On July 8, 2011, appellee William Sheridan filed a complaint against appellant David Dobos for fraud, promissory estoppel, conversion, breach of contract, unjust enrichment, concealment of assets, invasion of privacy, and fraudulent transfer. The complaint arose from Dobos' purchase of Sheridan's business. Appellant filed an answer on August 9, 2011. On September 24, 2012, Attorney Berkemer filed a motion to withdraw as counsel for appellant, in anticipation of appellant's filing of bankruptcy and being listed as a creditor in appellant's bankruptcy. The trial court denied Berkemer's motion on October 26, 2012. A bench trial was scheduled for October 30, 2012.

**{¶3}** On October 26, 2012, the parties filed stipulations prior to a bench trial. The parties stipulated that Sheridan entered into a stock purchase agreement with Dobos on December 29, 2006 with a promissory note of $250,000. The parties further stipulated the note was not paid, Sheridan is entitled to judgment on the note against appellant, and thus Dobos owes $249,657.23 as of October 31, 2012, plus interest at eight (8) percent. The parties also stipulated they entered into a lease for 8311 Green Meadows Drive in Lewis Center, Ohio, and appellee was entitled to a judgment against appellant on the lease of $83,015.63, plus interest at eight (8) percent.

**{¶4}** On October 29, 2012, the day before the bench trial, appellant filed a suggestion of bankruptcy and the trial court stayed the case. On September 16, 2013, the bankruptcy court issued an order granting relief from stay to resume the state court

litigation. On September 23, 2013, Berkemer filed a second motion to withdraw. Berkemer stated he was listed as a creditor in appellant's bankruptcy case and, additionally, had tried to communicate with appellant but appellant was not communicating with him. On September 24, 2013, the trial court issued a judgment entry scheduling a bench trial for December 3, 2013, and scheduling Berkemer's motion to withdraw for a hearing on October 10, 2013. Appellant was ordered to appear at the October 10th hearing and was served directly with the judgment entry setting the hearing. Appellant appeared at the October 10th hearing and did not object to Berkemer's motion to withdraw or to the trial date scheduled by the trial court. Accordingly, the trial court granted Berkemer's motion to withdraw on October 14, 2013. In the judgment entry, the trial court again stated a bench trial was scheduled for December 3, 2013, and informed appellant if he did not obtain counsel by December 3rd, it would not continue the trial date. Appellee filed a trial brief on November 26, 2013 and served appellant with a copy.

{¶5} On the day before the bench trial, appellant filed a motion to continue. The trial court denied the motion. Appellant filed a second motion to continue on the day of the bench trial, which the trial court also denied. Appellant did not appear for the bench trial, which the trial court conducted on December 3, 2013. Appellee filed proposed findings of fact and conclusions of law on December 17, 2013 and served a copy on appellant. Appellant did not object or respond to the proposed findings of fact and conclusions of law.

{¶6} The trial court issued a judgment entry on March 26, 2014. The trial court found the parties previously stipulated that appellee is entitled to a judgment against appellant on the note and lease in the amount of $329,672.86, plus interest. The trial

court proceeded on appellee's claims of fraud, pattern of corrupt activities, and punitive damages. The trial court found there was insufficient evidence of a pattern of corrupt activity and dismissed that claim. The trial court further found appellee proved fraud and found appellee was entitled to a judgment in the amount of $329,672.86, the damages amount previously stipulated to by the parties. The trial court also found for appellee on his claim for punitive damages and awarded punitive damages three times the amount of the compensatory damage amount, or $989,018.58. The trial court's judgment entry provided the order was a final appealable order. However, appellant did not appeal the trial court's March 26, 2014 judgment entry.

{¶7} On October 3, 2014, the Bankruptcy Court found the state court judgment as issued by the trial court on March 26, 2014 was non-dischargeable in appellant's bankruptcy case.

{¶8} Appellant filed a motion for relief from judgment on March 26, 2015 pursuant to Civil Rule 60(B)(5). Appellant argued the trial court should not have allowed his counsel to withdraw without protecting appellant's interests and appellant's mental illness made him incapable of interacting with the court or representing himself. Appellant also contended he had a meritorious defense to the claims of appellee and the motion was filed within a reasonable time.

{¶9} Attached to the motion was an affidavit by appellant, stating he had severe depression and emotional distress. He did not contact the attorney in the case (Berkemer), did not respond to Berkemer's motion to withdraw, did not attend the trial, and did not respond to appellee's proposed findings of fact and conclusions of law because he felt stressed, hopeless, helpless, and depressed. To support this contention,

appellant attached to his motion three evaluations of his mental health, each completed by a different psychologist.

{¶10} In each evaluation, the examining psychologist addressed whether appellant's mental health affected his ability to participate in the bankruptcy litigation.

{¶11} Dr. Peter Barach ("Barach") interviewed appellant to determine whether he was suffering from a mental disorder in the summer of 2013. Barach concluded that, in the summer of 2013, appellant did not suffer from dissociative disorder, but did meet the diagnostic criteria for adjustment disorder with mixed anxiety and chronic depressed mood. Dr. George Serednesky ("Serednesky") interviewed appellant in order to opine as to why appellant failed to engage in his defense in his bankruptcy case in June, July, and August of 2013. Serednesky stated appellant was suffering a psychiatric disorder during the three-month period in question, adjustment disorder with mixed disturbance of emotions and conduct.

{¶12} In addition to the bankruptcy action, the third psychologist, Daniel Davis ("Davis"), also considered whether appellant's mental health played a role in his failure to respond to the complaint in a 2012 Franklin County Court of Common Pleas action in October of 2012. Davis interviewed appellant on December 12, 2013 regarding his behavior. Davis concluded appellant was most likely best diagnosed with an unspecified mood disorder and unspecified anxiety disorder.

{¶13} Appellee filed a memorandum contra to appellant's motion on April 9, 2015. Appellant filed a reply on April 13, 2015. The trial court issued a judgment entry on August 31, 2015 denying appellant's motion for relief from judgment. The trial court found the motion was not timely filed. Further, appellant's arguments are those which should have

been brought up on a direct appeal of the judgment. The trial court found appellant was not prejudiced by the withdrawal of his counsel, as counsel was permitted to withdraw on October 14, 2013 and appellant had until December 3, 2013 to obtain counsel. Additionally, appellant did not file his motion to continue until one day prior to the trial. The trial court finally stated the actions appellant took in the time surrounding the bench trial suggest he was capable of handling his own defense and seeking representation within the time allotted by the court.

**{¶14}** Appellant appeals the August 31, 2015 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

**{¶15}** "I. THE TRIAL COURT BELOW ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE DEFENDANTS-APPELLANTS BY DENYING THEIR CIVIL RULE 60(B)(5) MOTION FOR RELIEF FROM JUDGMENT."

*Standard of Review*

**{¶16}** Civil Rule 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Colley v. Bazell*, 64 Ohio St.2d 243, 416 N.E.2d 605 (1980). The question of whether a motion for relief from judgment should be granted is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1994). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Further, in examining the trial court's denial of a motion for relief from judgment, this Court does not review the

correctness of the original judgment from which relief is sought, but rather we are limited to determining whether the trial court abused its discretion in failing to grant relief from judgment. *Kochalko v. Kochalko*, 5th Dist. Guernesy No. 04CA15, 2004-Ohio-7098.

*Civil Rule 60(B)(5)*

**{¶17}** To prevail on a motion brought under Civil Rule 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

**{¶18}** Appellant based his Civil Rule 60(B) motion on "any other reason justifying relief from the judgment." Civil Rule 60(B)(5). Civil Rule 60(B)(5) operates as a catch-all provision and "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011-Ohio-3646. The grounds for invoking Civil Rule 60(B)(5) should be substantial and only used in extraordinary and unusual cases when the interests of justice warrant it. *Claycraft Motors, L.L.C. v. Bulldog Auto Sales, Inc.*, 5th Dist. Fairfield No. 13-CA-70, 2014-Ohio-2086.

**{¶19}** Appellant first argues he is entitled to relief from judgment because the trial court permitted appellant's counsel to withdraw prior to the trial without granting appellant a continuance to obtain new counsel. Initially, we note a Rule 60(B) motion is not a substitute for a direct appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 1998-Ohio-643, 689 N.E.2d 548; *PNC Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 5th Dist. Delaware No. 12 CAE 07 0042, 2013-Ohio-1046. "It is well established that a Civ.R. 60(B) motion cannot

be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *U.S. Bank, N.A. v. Avery*, 5th Dist. Richland No. 14CA89, 2015-Ohio-3908, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43.

**{¶20}** In this case, appellant appeared at the October 10, 2013 hearing on his counsel's motion to withdraw. Appellant did not object to the motion to withdraw or to the trial date. Appellant was given from October 14, 2013 to December 3, 2013 to obtain counsel and, in an October 14, 2013 judgment entry, the trial court informed appellant if he did not obtain counsel by December 3rd, it would not continue the trial date. Appellant filed two pro se motions to continue regarding obtaining new counsel, which the trial court denied. The October 14, 2013 judgment entry and the trial court's denial of appellant's pro se motions to continue were issues cognizable on direct appeal from the March 26, 2014 judgment entry. Since appellant had the opportunity, but failed, to pursue a direct appeal on this issue, the application of Civil Rule 60(B)(5) is barred and the trial court did not abuse its discretion in denying the motion.

**{¶21}** Additionally, appellant, who did not object to Berkemer's motion to withdraw, had from October 14, 2013 to December 3, 2013 to obtain counsel to represent him in the instant case. Appellant waited until the day before the trial to file his motion to continue to obtain new counsel. Appellant had sufficient opportunity prior to trial to obtain new counsel and chose not to do at an earlier time. *Unique Realty Consultants v. Lowe*, 5th Dist. Licking No. 00-CA-61, 2001 WL 99445 (Jan. 31, 2001). We find the trial court's denial of a motion to continue after giving appellant fifty days to obtain new counsel is not an "extraordinary" and "unusual circumstance" sufficient to invoke Civil Rule 60(B)(5).

**{¶22}** Appellant next contends his mental illness made him incapable of participating in this case and thus he is entitle to relief pursuant to Civil Rule 60(B)(5). This argument is an issue that was cognizable on direct appeal, and therefore cannot be used to collaterally attack a judgment. See *Jenkins v. Jenkins*, 5th Dist. Licking No. 09 CA 0106, 2010-Ohio-1184. Here, the trial court's judgment on the bench trial was issued on March 26, 2014. Davis conducted his interview in December of 2013 and issued his report in December of 2013. Barach interviewed appellant in December of 2013 and issued his report on January 5, 2014. Serednesky interviewed appellant in April of 2014 and issued his report on April 21, 2014. All of these reports were thus concluded prior to the March 2014 judgment entry or prior to the conclusion of the direct appeal time of the March 2014 judgment entry. Since appellant had the opportunity, but failed, to pursue a direct appeal on this issue, the application of Civil Rule 60(B)(5) is barred and the trial court did not abuse its discretion in denying the motion.

**{¶23}** Further, Ohio courts have no found no abuse of discretion in the denial of a motion for relief from judgment when the moving party cannot show a "debilitating emotional or psychological illness such that the person seeking relief [evinces] an utter incapacity to act with respect to the litigation." *Poulos v. State Auto Mut. Ins. Co.*, 1st Dist. Hamilton No. C-020226, 2003-Ohio-2899; *Dietrich v. Dobos*, 10th Dist. Franklin No. 15AP-2, 2015-Ohio-4866. "In other words, for a person's neglectful conduct to qualify as excusable, the mental disorder at issue must have rendered the party unable to participate in the litigation." *Dietrich v. Dobos*, 10th Dist. Franklin No. 15AP-2, 2015-Ohio-4866.

{¶24} In this case, both the Barach and Serednesky evaluations focus on the wrong time period and litigation as they focus solely on whether appellant suffered from a mental disorder in the summer of 2013 with regards to his bankruptcy case, not whether appellant suffered from a mental disorder with regards to the instant case in October, November, or December of 2013 when the trial court issued its judgment entry setting the bench trial, allowed appellant's attorney to withdraw, and conducted the bench trial. It is unclear from Davis' evaluation what time period Davis is adjudging appellant's mental condition. However, while Davis stated appellant's psychological condition caused him to avoid dealing with the litigation against him, he did not opine that appellant's mental disorder prevented him from understanding and attending to his obligations in that litigation, or that it compromised his ability to appreciate the consequences of failing to meet his obligations. See *Dietrich v. Dobos*, 10th Dist. Franklin No. 15AP-2, 2015-Ohio-4866. None of the reports provide evidence of a debilitating emotional or psychological illness rendering appellant utterly incapable of fulfilling his obligations to the justice system. Additionally, the actions appellant took at the time of the bench trial and his active participation in filing motions to continue suggest he was capable of understanding and acting with regard to the litigation, understood the issues to be tried, and the time and date of the trial. See *Miller v. Miller*, 7th Dist. Mahoning No. 05 MA 111, 2006-Ohio-1288.

{¶25} In the balance of his argument, appellant argues the trial court erred in finding his defenses should have been raised on appeal and contends he had meritorious defenses to the fraud claim. Appellant had a full and fair opportunity to raise these defenses in the pleadings, at the bench trial, and respond to or submit his own proposed findings of fact and conclusions of law. However, appellant failed to appear at the bench

trial, failed to respond to appellee's findings of fact and conclusions of law, and failed to submit his own findings of fact and conclusions of law. Appellant also had a full and fair opportunity to challenge the trial court's determination at the bench trial through a direct appeal of March 26, 2014; however, appellant did not file a direct appeal. Further, though appellant did not stipulate to a finding of fraud, appellant did stipulate to the amount of compensatory damages awarded by the trial court. As noted above, where a party had the opportunity, but failed, to pursue an appeal, the application of Civil Rule 60(B0(5) is barred as the movant cannot achieve by a Civil Rule 60(B)(5) motion what it could have timely pursued on appeal. *PNC Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 5th Dist. Delaware No. 12 CAE 07 0042, 2013-Ohio-1046.

{¶26} Based upon the facts and circumstances of the case, we find the trial court did not abuse its discretion in not finding an extraordinary or unusual circumstance to warrant the application of Civil Rule 60(B)(5). Appellant's assignment of error is overruled.

{¶27} The August 31, 2015 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, J.,

Farmer, P.J., and

Wise, J., concur