[Cite as *State v. Miller*, 2021-Ohio-1149.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00132 |
| PETER MILLER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of
Common Pleas, Case No.20MI00114

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 2, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO
Stark County Prosecutor                   MARK F. GRAZIANI
BY: KATHLEEN O. TATARSKY                   GRAZIANI LAW, LLC
Assistant Prosecutor                      Box 1158
110 Central Plaza South, Ste.510          Norton, OH  44203
Canton, OH  44702

*Gwin, P.J.*

{¶1}   Appellant Peter Miller appeals the August 25, 2020 judgment entry of the Stark County Court of Common Pleas denying his motion for relief from judgment. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   In 2002, appellant pled guilty and was convicted of one count of aggravated robbery pursuant to R.C. 2911.01(A)(1)(3) and three counts of aggravated trafficking n marijuana pursuant to R.C. 2925.03(A)(1).   On July 1, 2020, appellant filed a petition for relief from federal and state firearms disability pursuant to R.C. 2923.14.   Appellant did not request a hearing, and the petition shows no proof of service on the Stark County Prosecutor.  The trial court denied the motion on July 14, 2020.  Appellant did not appeal this denial.

{¶3}   Appellant filed a motion for relief from judgment pursuant to Civil Rule 60(B)(5) on July 22, 2020, asking the court to reconsider its July 14th entry.  The motion contains no proof of service on the Stark County Prosecutor. The trial court held a hearing on the motion on August 24, 2020.  The trial court issued a judgment entry on August 25, 2020 denying appellant's motion.  The trial court stated, "petitioner has previously been convicted of aggravated robbery and three counts of aggravated trafficking in Summit County.  He served approximately four and a half years in prison.  Based on the best interest of the public, the Court hereby DENIES the Petitioner's motion."

{¶4}   Appellant appeals the August 25, 2020 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶5} "I. THE TRIAL COURT ERRED BY FAILING TO CONTINUE THE MATTER WHEN IT LEARNED AT TRIAL THAT THE PROSECUTOR HAD NEITHER BEEN SERVED WITH THE INITIAL PLEADING NOR INVESTIGATED THE MATTER, AS SPECIFICALLY REQUIRED BY THE LANGUAGE IN R.C. 2923.14(C).

{¶6} "II. THE TRIAL COURT ERRED BY IGNORING THE LEGISLATURE'S INTENT IN CREATING R.C. 2923.14 AS THE VEHICLE FOR RELIEF FROM A FIREARMS DISABILITY STEMMING FROM A FELONY CONVICTION.

{¶7} "III. THE TRIAL COURT ERRED WHEN IT DENIED THE PETITION WITHOUT CASE LAW OR FACTUAL SUPPORT."

I.

{¶8} In his first assignment of error, appellant contends the trial court erred by failing to continue the hearing when it learned appellee was not served with the initial pleading, nor investigated the matter, pursuant to R.C. 2923.14(C).

{¶9} R.C. 2923.14(C) provides, "a copy of the application shall be served on the county prosecutor. The county prosecutor shall cause the matter to be investigated and shall raise before the court any objections to granting relief that the investigation reveals." Neither the original application, nor the Civil Rule 60(B)(5) motion, contains a proof of service upon appellee. The pleadings do not contain a praecipe for service to the clerk of courts. There is nothing in the plain language of the statute stating that it is the trial court's responsibility to serve a copy of the application on the county prosecutor. Accordingly, any argument as to the lack of proper investigation by appellee or as to the trial court's failure to continue the case to serve appellee, is subject to the doctrine of invited error. Appellant invited any error by failing to serve a copy of the petition on

appellee or including a praecipe for the clerk of courts to serve the petition upon appellee. Under the invited-error doctrine, a party will not be allowed to take advantage of an error that he or she has invited or induced the trial court to make. *State ex rel. Beaver v. Kontech*, 83 Ohio St.3d 519, 700 N.E.2d 1256 (1998).

{¶10} Additionally, there is no written motion to continue by appellant in the record. It is unclear to this Court whether appellant made a motion to continue during the August hearing or what discussion was had about a continuance at the hearing, because a transcript of the August 24, 2020 hearing was not submitted with this appeal. This Court also does not know what arguments or objections counsel for appellee made at the hearing because the transcript was not submitted. Pursuant to App.R. 9(B)(1), "[i]it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." When portions of the transcript necessary for resolutions of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶11} A review of the transcript from the hearing is necessary to order to resolve appellant's assignment of error. Accordingly, we must presume the regularity of the proceedings, and affirm. Appellant's first assignment of error is overruled.

## II. & III.

{¶12} In his second and third assignments of error, appellant argues the trial court abused its discretion in denying his petition. The denial of an application for relief from

disability is reviewed under an abuse of discretion standard.  *In re Chrosniak*, 8th Dist. Cuyahoga No. 105459, 2017-Ohio-7408.

{¶13}  We first note that appellant did not appeal the denial of the petition.  Rather than filing an appeal of the denial of the petition, he filed a motion for relief from judgment pursuant to Civil Rule 60(B)(5).  "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal."  *U.S. Bank, N.A. v. Avery*, 5th Dist. Richland No. 14CA89, 2015-Ohio-3908, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43; *Key v. Mitchell*, 81 Ohio St.3d 89, 689 N.E.2d 548 (1998); *PNC Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 5th Dist. Delaware No. 12 CAE 07 0042, 2013-Ohio-1046.

{¶14}  The arguments made by appellant in his Civil Rule 60(B)(5) motion were issues cognizable on direct appeal from the July 14, 2020 judgment entry, which constituted a final appealable order in this case.  Since appellant had the opportunity, but failed, to pursue a direct appeal on this judgment entry and issues, the application of Civil Rule 60(B)(5) is barred and the trial court did not abuse its discretion in denying the application.  *Tarullo v. Thompson*, 5th Dist. Delaware No. 18 CAE 03 0023, 2018-Ohio-3378.

{¶15}  Additionally, as detailed above, appellant failed to submit a transcript of the hearing with this appeal.  A review of the transcript is necessary in order to resolve appellant's assignments of error.  Accordingly, we must presume the regularity of the proceedings, and affirm.  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶16} Finally, appellant contends because it has been fifteen years from his conviction and he has been a law-abiding citizen since then, the trial court abused its discretion in denying his petition.  He suggests that because fifteen years has elapsed and he met the remaining criteria in R.C. 2923.14, the trial court was required to grant his petition.  However, R.C. 2923.14 contains no such fifteen-year provision.  Rather, the statute provides the trial court has the discretion to grant the application, as indicated by the legislature's use of the term "may" instead of "shall" in the statute.  *State v. Lerch*, 4th Dist. Washington No. 15CA39, 2016-Ohio-2791 (by using the word "may," the General Assembly has drafted a permissive statute); *In re Allender*, 11th Dist. Portage No. 2017-P-0090, 2018-Ohio-2147.

{¶17} Appellant's second and third assignments of error are overruled.

{¶18} Based on the foregoing, appellant's assignments of error are overruled.

{¶19}  The August 25, 2020 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur

.