[Cite as *U.S. Bank, N.A. v. Marino*, 2014-Ohio-3453.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| U.S. BANK, N.A., as Trustee for WFASC 2005-AR2 | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case No. 12 CAE 09 0065 |
| MICHAEL D. MARINO, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  10 CV E 05 0824


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 8, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

SCOTT A. KING                         GRACE DOBERDRUK
THOMPSON HINE                         DOBERDRUK & HARSHMAN
10050 Innovation Drive, Suite 400     4600 Prospect Avenue
Miamisburg, Ohio  45401               Cleveland, Ohio  44103

TERRANCE A. MEBANE
THOMPSON HINE
41 South High Street, Suite 1700
Columbus, Ohio  43215

*Wise, J.*

{¶1} Defendant-Appellant Michael D, Marino appeals the April 8, 2013, decision of the Court of Common Pleas of Delaware County, Ohio, denying his Civ.R. 60(B) motion to vacate judgment of foreclosure in favor of Plaintiff-Appellee U.S. Bank, N.A.

## STATEMENT OF THE FACTS AND CASE

{¶2} This case arose from a residential foreclosure action. The relevant facts and procedural history are as follows:

{¶3} On November 19, 2004, Defendant-Appellant Michael Marino executed a promissory note ("Note"), in favor of M/I Financial Corporation ("M/I"), payment of which was secured by a mortgage ("Mortgage") against the Property, executed by both Appellant Marino and his wife, Elizabeth Markusic. The mortgagee under the Mortgage was Mortgage Electronic Registration Systems ("MERS"), as nominee for M/I and its successors and assigns.

{¶4} The Note and Mortgage cross-reference each other. The Note states in Section 10, entitled Uniform Secured Note:

{¶5} "In addition to the protections given to the Note Holder under this Note, a Mortgage Deed of Trust, or Security Deed (the 'Security Instrument'), dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under the Note."

{¶6} The Mortgage states:

{¶7}   "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's conveyance under the Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property."

{¶8}   On May 27, 2010, U.S. Bank, National Association, as Trustee for WFASC 2005-AR2 ("U.S. Bank") filed a Complaint against Michael D. Marino ("Marino") and Elizabeth A. Markusic ("Markusic") in the Delaware County Court of Common Pleas to recover the balance due under a promissory note and foreclose a mortgage against 2623 Open Bay Court, Galena, Ohio 43021. In said Complaint, U.S. Bank alleged that it was the "holder" of the Note. A copy of the Note was attached to the Complaint and bore the endorsement from M/I to Wells Fargo Bank, N.A. ("Wells Fargo"), but no endorsement to U.S. Bank.

{¶9}   On June 2, 2010, Appellant Marino was served by certified mail with summons and the Complaint. Appellant did not file an answer.

{¶10}  On July 2, 2010, U.S. Bank filed a Notice of Filing of Allonge. The Allonge identifies the Note by date, maker, original payee and original principal balance.  The Allonge was executed by Herman Kennerty as Vice President of Loan Documentation of Wells Fargo, and assigned the Note to U.S. Bank. The copy of the Note attached to the Notice has four hole punch marks at the top, while the Allonge only has two.

{¶11}  On July 2, 2010, U.S. Bank also filed a Notice of Filing of Assignment of the Mortgage.  The notice of Assignment of Mortgage was executed by Mr. Kennerty as

"Assistant Secretary" for MERS. The Assignment states that it was transferring both the Mortgage and "all sums of money due and to become due thereon."

{¶12} On July 2, 2010, U.S. Bank moved for default judgment. The Motion's certificate of service page shows that it was served on Appellant. Appellant did not oppose the Motion.

{¶13} On July 7, 2010, the trial court issued a Scheduling Entry, and on August 9, 2010, a Judgment Entry granting U.S. Bank additional time to comply with the Scheduling Entry, both of which were served on Appellant.

{¶14} On September 1, 2010, the trial court granted default judgment and issued its decree in foreclosure, both of which were served on Appellant.

{¶15} On September 3, 2010, the Clerk of Courts sent notice of the final order to Appellant. Appellant did not appeal.

{¶16} On November 5, 2010, Appellant filed a Rule 60(B) Motion for Relief From Judgment.

{¶17} On December 3, 2010, U.S. Bank filed a Memorandum Contra to that Motion.

{¶18} On January 15, 2011, Marino's wife, Elizabeth Markusic, filed a bankruptcy petition in the U.S. District Court for the Southern District of Ohio, Case No. 2:11-bk-20325.

{¶19} On January 31, 2011, U.S. Bank filed a motion for relief from the automatic stay imposed by the bankruptcy action, and attached to that Motion a copy of the Note. A copy of the Allonge was not included.

**{¶20}** On February 9, 2011, attorney John Sherrod was substituted as Appellant's counsel, and on February 14, 2011, requested that the 60(B) Motion be held in abeyance pending resolution of Markusic's bankruptcy action.

**{¶21}** On March 2, 2011, the U.S. Bankruptcy Court for the Southern District of Ohio terminated the automatic stay.

**{¶22}** On February 28, 2011, Appellant filed a second Civ.R. 60(B) motion which was accompanied by an Affidavit signed by Appellant. The second motion argued that the Allonge and the Assignment were fraudulent because they were supposedly executed by a "robo-signer," and that U.S. Bank lacked standing because the Assignment was not executed until after it filed the Complaint. The second motion did not mention any purported defect with the copy of the Note filed in the bankruptcy action. Appellant's Affidavit stated that he never received a copy of the motion for default judgment, but did not argue that this was a basis to vacate the foreclosure judgment.

**{¶23}** On May 17, 2011, U.S. Bank gave notice that the automatic stay imposed by the bankruptcy action had been terminated and filed its Memorandum Contra.

**{¶24}** On June 18, 2011, Appellant filed a Motion to Stay Proceedings pending the Ohio Supreme Court's resolution of a certified conflict in *U.S. Bank, NA. v. Duvall*, Cuyahoga App. No. 94174, 2010-Ohio-6478, dismissed as moot 129 Ohio St.3d 1479, 2011-Ohio-4751, 953 N.E.2d 844.

**{¶25}** On July 12, 2011, U.S Bank filed its Memorandum in Opposition to that Motion.

**{¶26}** On October 24, 2011, the trial court rejected Appellant's arguments and denied the Motion to Stay pending *Duvall.*

**{¶27}** On November 21, 2011, Appellant filed an appeal.

**{¶28}** On December 22, 2011, Appellant filed his brief, arguing that U.S. Bank misrepresented itself as the "holder" of the Note when it filed the Complaint, and that the Trial Court abused its discretion by not holding a hearing before it ruled on the Second Motion. The two assignments raised by Appellant in that appeal were:

**{¶29}** "I. It was an abuse of discretion not to vacate the judgment under Civil Rule 60(b)(5) when Plaintiff-Appellee falsely filed a complaint stating it was the holder of the note.

**{¶30}** "II. It was an abuse of discretion for the trial court to deny Appellant Michael Marino's 60(b) motion to vacate without holding a hearing."

**{¶31}** By Opinion and Entry filed March 30, 2012, this Court rejected both arguments and affirmed the trial court's decision in its entirety. U.S. Bank, N.A. v. Michael Marino, 5th Dist. Delaware App. No. 2011CAE11 0108, 2012-0hio-1487. This Court found that U.S. Bank "provided evidence it was the current holder and owner of the mortgage, which is sufficient under *Deutsche Bank National Trust Company v. Pagani*, 5th Dist. No. 09CA000013, 2009-0hio- 5665." *Id.* at 17. This Court also found that Appellant's "arguments regarding standing do not challenge the merits of the case. Appellant does not allege he actually was not in default nor does he articulate any defense to the foreclosure action." *Id.* at 21.

**{¶32}** On June 1, 2012, Appellant filed a 60(B)(4) Motion to Vacate the Judgment of Foreclosure, arguing that the foreclosure judgment should be vacated

because U.S. Bank allegedly lacked standing when it filed the Complaint and because the copy of the Note which U.S. Bank submitted in Appellant's wife's bankruptcy was not accompanied with a copy of the Allonge.

**{¶33}** Simultaneously with the third motion, Appellant also filed a fourth motion captioned Common Law Motion to Vacate the Judgment of Foreclosure asserting that the trial court lacked personal jurisdiction over Appellant because he did not receive notice of U.S. Bank's motion for default judgment.

**{¶34}** On August 28, 2012, the Court overruled the third and fourth motions.

**{¶35}** On September 14, 2012, Appellant filed a notice of appeal.

**{¶36}** On October 22, 2012, Appellant filed a bankruptcy petition in the U.S. District Court for the Southern District of Ohio, Case No. 2:12-bk-59071.

**{¶37}** On February 26, 2013, U.S. Bank gave notice that the automatic stay imposed by Appellant's bankruptcy had terminated because he failed to file the necessary documents.

**{¶38}** On February 26, 2013, the trial court issued an Entry reactivating the case.

**{¶39}** On April 1, 2013, Appellant filed his Brief.

**{¶40}** Appellants now appeal, assigning the following Assignments of Error.

<u>**ASSIGNMENTS OF ERROR**</u>

**{¶41}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MICHAEL MARINO'S MOTION TO VACATE UNDER CIVIL RULE 60(B)(4) WITHOUT A HEARING IN LIGHT OF THE ALLEGATION THAT THE SUBJECT NOTE WITH A

DIFFERENT INDORSEMENT AND NO ALLONGE WAS FILED AS AN EXHIBIT IN APPELLANT'S WIFE'S BANKRUPTCY CASE SUBSEQUENT TO JUDGMENT.

{¶42} "II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S COMMON LAW MOTION TO VACATE WHEN THE COURT LACKED JURISDICTION TO ENTER A JUDGMENT."

**I., II.**

{¶43} In his First Assignment of Error, Appellant argues that the trial court erred denying his Civ.R. 60(B) motion without a hearing. In his Second Assignment of Error, Appellant argues the trial court erred in denying his common law motion to vacate. More specifically, Appellant maintains that the trial court lacked jurisdiction to enter a judgment in this matter. We disagree.

{¶44} In this case, we need not review whether the trial court abused its discretion in denying Appellant's motions to vacate. *Res judicata* bars our consideration of his assigned errors.

{¶45} *Res judicata* prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. *Bank of New York v. Jackson,* 8th Dist. Cuyahoga No. 99874, 2013–Ohio–5133, citing *Rogers v. Whitehall,* 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Coulson v. Coulson,* 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983). *See Brick Processors, Inc. v. Culbertson,* 2 Ohio App.3d 478, 442 N.E.2d 1313 (5th Dist.1981), paragraph one of the syllabus.

{¶46} *Wells Fargo Bank, N.A. v. Perkins,* 10th Dist. Franklin No. 13AP–318, 2014-Ohio-1459, presents a fact pattern similar to this case. In *Perkins,* the property owner, like Appellant in the instant case, failed to file a direct appeal after the trial court granted judgment in favor of the bank. Instead, Perkins filed multiple motions for relief from judgment pursuant to Civ.R. 60(B). Each time the trial court denied these motions, Perkins appealed the denial. In his third appeal, Perkins argued that the trial court erroneously denied his motion where the bank's lack of standing equated to a lack of subject matter jurisdiction. Perkins had made this same argument in his second Civ.R. 60(B) motion, which also had been denied by the trial court. Perkins, like Appellant herein, cited *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214, to support his argument that in a foreclosure action where the bank lacks standing, the court lacks subject matter jurisdiction and any judgment rendered by the court is void. The Tenth District, however, rejected this argument and affirmed the decision of the trial court holding that Perkins's reliance on *Schwartzwald* was misplaced. The court stated:

{¶47} *"*Schwartzwald does not stand for the proposition that a court of common pleas lacks subject-matter jurisdiction over a foreclosure action where the plaintiff lacks standing at the time the complaint is filed. * * * "[a] lack of standing does not deprive a court of subject-matter jurisdiction" in a mortgage foreclosure action." (Citation omitted.) *Id.* at 12.

{¶48} The Perkins court went on to state that even if there was a defect in the bank's standing, this would only result in the court's judgment being voidable, not void. *Id.* at 13. A voidable judgment may not be "collaterally, repeatedly, and duplicatively

attacked without limitation" and "*Schwartzwald* does not prohibit application of the doctrine of res judicata." *Id.*

**{¶49}** Upon review, we find this case analogous to *Perkins.* Here, these issues were previously litigated to a determination, which became the law of the case when it was left unchallenged. Any issues relating to the bank's standing to file the complaint did not deprive the court of subject matter jurisdiction and *res judicata* bars these claims where these issues were previously litigated in this Court and no appeal to the Ohio Supreme Court was taken therefrom.

**{¶50}** To allow Appellant to again argue the same issues as those in the decisions determining standing, from which no appeal was taken is an attempted end run around codified procedures designed for the efficient administration of cases and casts doubt on the validity of the judgment.

**{¶51}** Appellant's First and Second Assignments of Error are overruled.

**{¶52}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.
Hoffman, P. J., and
Farmer, J., concur.


JWW/d 0730