[Cite as *State v. Moore*, 2016-Ohio-1339.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2015CA00137 |
| | : | |
| CORVAN MASAI DONTEZ MOORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                            Common Pleas, Case No. 2013CR1451



JUDGMENT:                   AFFIRMED



DATE OF JUDGMENT ENTRY:     March 28, 2016



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

JOHN D. FERRERO, JR.                    CORVAN MOORE, PRO SE
STARK CO. PROSECUTOR                    Inmate No. 650-970
KATHLEEN O. TATARSKY                    M.C.I.
110 Central Plaza S., Ste. 510          P.O. Box 57
Canton, OH 44702-1413                   Marion, OH 43301-0057

*Delaney, J.*

{¶1}   Appellant Corvan Masai Dontez Moore appeals from the July 17, 2015 Judgment Entry of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's convictions and sentences is not necessary to our resolution of this appeal.

{¶3}   Appellant was charged by indictment with one count of aggravated robbery with a firearm specification and one count of felonious assault with a firearm specification. On December 10, 2013, appellant entered pleas of guilty to the charges and the trial court merged the firearms specifications for sentencing.  Appellant was sentenced to an aggregate prison term of 10 years.

{¶4}   Appellant did not appeal from his convictions and sentences.

{¶5}   On July 9, 2015 appellant filed a "Motion for Sentencing; Motion for Issuance of a Final Appealable Order; Motion for 'Allied Offense Determination'" which was overruled by the trial court on July 17, 2015.

{¶6}   Appellant now appeals from the trial court's Judgment Entry of July 17, 2015.

{¶7}   Appellant raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶8}   "I.   WHETHER A TRIAL COURT'S FAILURE TO RENDER ['AN ADJUDICATION OF GUILT'] CRIM.R. 32(C), AND INCORPORATE THAT ADJUDICATION OF GUILT IN ITS JOURNAL ENTRY, STATE V. REESE, 2007 OHIO

2267 AT ¶ 10, IMPLICATES A FINAL APPEALABLE ORDER PURSUANT TO: O.R.C. 2505.02; AND, OHIO CONST. ART. IV, SECTION 3(B)(2), TEHREBY VIOLATING DUE PROCESS. <u>SEE:</u> U.S.C.A. CONST. AMEND. 14." (*brackets in original*)

{¶9} "II. WHETHER A TRIAL COURT'S FAILURE TO GIVE NOTIFICATION AS PER THE CONSEQUENCES OF A VIOLATION OF A POSTRELEASE CONTROL SANCTION, IMPLICATES A FINAL APPEALABLE ORDER AND RENDERS THE RESULTING ATTEMPTED SENTENCE A NULLITY AND VOID. <u>SEE:</u> O.R.C. 2943.032(E); AND, <u>WOODS V. TELB</u> (2000), 89 OHIO ST.3D 504, 511."

{¶10} "III. WHETHER A TRIAL COURT'S FAILURE TO STRICTLY COMPLY WITH THE MANDATORY PROVISIONS OF CRIM.R. 11(C)(2)(a) [WITH RESPECT TO MANDATORY POSTRELEASE CONTROL NOTIFICATIONS] IMPLICATES THE VALIDITY OF THE RESULTING PLEA AS FAR LESS THAN KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE. <u>SEE:</u> <u>STATE V. MONTEZ-JONES</u>, 5TH DIST. NO. ____ (CITATION OMITTED); <u>STATE V. BOSWELL</u>, 121 OHIO ST.3D 575; AND, <u>STATE V. HOLCOMB</u>, 184 OHIO APP.3D 577, 2009 3187."

{¶11} "IV. WHETHER A TRIAL COURT IMPLICATES DUE PROCESS BY ORDERING 'CONCURRENT SENTENCES' WHERE THE RECORD ON ITS FACE CLEARLY SHOWS THAT THE OFFENSES WERE 'ALLIED OFFENSES OF SIMILAR IMPORT' SUBJECT TO MERGER. <u>SEE:</u> <u>STATE V. COLLINS</u>, 2013 OHIO APP. LEXIS 3869, AT: HN 6 (8TH DIST.)."

**ANALYSIS**

I., II.

{¶12} Appellant's first and second assignments of error are related and will be considered together.  Appellant asserts the trial court erred in issuing a faulty judgment entry of conviction and failed to advise him of post release control.  We disagree.

{¶13} It is difficult to discern appellant's arguments as to the judgment entry of conviction and the notification of post release control.  Appellant cites a number of different cases, but makes no reference to any specific errors in his own case.  As to appellant's arguments premised upon his plea, we note a pro se appellant is required to submit a brief that contains at least some cognizable assignment of error.  *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶ 5 (4th Dist.). We are not required to make appellant's arguments for him.  Pursuant to App.R. 16(A)(7) and 12(A)(2), this court is not required to address arguments that have not been adequately presented for review or supported by proper authority. *Brady v. Bucyrus Police Dept.*, 194 Ohio App.3d 574, 2011-Ohio-2460, 957 N.E.2d 339, ¶ 42 (3rd Dist.), citation omitted.

{¶14} As appellee points out, the trial court's judgment entry demonstrates appellant's change-of-plea was accepted and he was found guilty.  The trial court also imposed a mandatory term of 5 years of post release control upon Count I, aggravated robbery, and a mandatory term of 3 years upon Count II, felonious assault.

{¶15} Appellant's first and second assignments of error are overruled.

III.

{¶16} In his third assignment of error, appellant argues the trial court failed to comply with Ohio Crim.R. 11 during his change-of-plea hearing. Because appellant has failed to provide the transcript of the change-of-plea hearing, we must disagree.

{¶17} Ohio Crim. R. 11(C)(2)(a) states in pertinent part: "In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶18} Again, appellant makes only a summary argument referring to the facts of his own case, stating he "was not afforded a full hearing." Brief, 11. In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶19} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶20} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶21} Appellant has not provided a transcript of the change-of-plea and sentencing hearing on December 10, 2013. Without a transcript, we must presume the regularity of the trial court's proceeding. *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2.

{¶22} Appellant's third assignment of error is thus overruled.

IV.

{¶23} In his fourth assignment of error, appellant argues the trial court should have merged the offenses of aggravated robbery and felonious assault for purposes of sentencing. We disagree.

{¶24} First, appellant's argument is barred by res judicata. As noted supra, appellant failed to file a direct appeal of his convictions and sentences, instead bootstrapping a number of issues to an appeal from his "motion for sentencing." The allied-offenses argument could and should have been raised upon direct appeal and is now barred. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Szefcyk,* 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus. See also, *State*

*v. Winters*, 5th Dist. Muskingum No. CT2015-0029, 2016-Ohio-622, ¶ 23, citing *State v. Jones,* 5th Dist. Richland No. 12CA22, 2012–Ohio–4957 and *State v. Barfield,* 6th Dist. No. Nos. L–06–1262, L–06–1263, 2007–Ohio–1037, ¶ 6 [appellant's argument regarding allied offenses could have been raised on direct appeal from the trial court's sentencing entry and res judicata applies even though appellant never pursued a direct appeal].

{¶25} Second, as appellee points out, appellant's argument also fails substantively.  In this case, appellant pulled a weapon on a victim and demanded money. When the victim failed to comply, appellant struck him in the head causing serious physical harm.

{¶26} A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. *State v. Carr*, 5th Dist. Perry No. 15-CA-00007, 2016-Ohio-9, --N.E.3d--, ¶ 42, citing *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, 895 N.E.2d 149, ¶ 42.  R.C. 2941.25 states as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶27} It is well-established that the commission of aggravated robbery does not automatically result in the commission of felonious assault. *State v. Preston*, 23 Ohio St.3d 64, 65-66, 491 N.E.2d 685 (1986); see also, *State v. Richards*, 5th Dist. Stark No. 2002CA00057, 2002-Ohio-6847, ¶ 19 [felonious assault and aggravated robbery are not allied offenses of similar import as a defendant can commit aggravated robbery without committing felonious assault, and vice versa].

{¶28} Appellant's fourth assignment of error is overruled.

## CONCLUSION

{¶29} Appellant's four assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.