[Cite as *State v. Moore*, 2016-Ohio-7380.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2016CA00094 |
| CORVAWN MOORE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2013CR1451 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 17, 2016 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO<br>Prosecuting Attorney,<br>Stark County, Ohio | CORVAWN MOORE, PRO SE<br>Inmate No. A650-970<br>Marion Correctional Institution<br>P.O. Box 57<br>Marion, Ohio 43301 |
| By: KRISTINE W. BEARD<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South – Suite 510<br>Canton, Ohio 44702-1413 | |

*Hoffman, J.*

**{¶1}** Defendant-appellant Corvawn Moore appeals the April 20, 2016 Judgment Entry entered by the Stark County Court of Common Pleas, which overruled his motion to withdraw his guilty plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** Appellant was charged by indictment with one count of aggravated robbery and one count of felonious assault. Both counts carried attendant firearm specifications. On December 10, 2013, Appellant entered pleas of guilty to the charges. The trial court merged the firearms specifications for sentencing and sentenced Appellant to an aggregate prison term of 10 years. Appellant did not appeal from his convictions and sentences.

**{¶3}** On July 9, 2015, Appellant filed a "Motion for Sentencing; Motion for Issuance of a Final Appealable Order; Motion for 'Allied Offense Determination'", which the trial court overruled on July 17, 2015. Appellant appealed the July 17, 2015 Judgment Entry, which this Court affirmed in *State v. Moore*, 5th Dist. Stark App. No. 2015CA00137, 2016-Ohio-1339.

**{¶4}** On April 14, 2016, Appellant filed a pro se motion to withdraw his guilty plea. The state filed a response in opposition on April 15, 2015. Therein, the state argued Appellant's claims were barred by the doctrine of res judicata, and Appellant failed to establish a manifest injustice. Via Judgment Entry filed April 20, 2016, the trial court overruled Appellant's motion for the reasons set forth in the state's response. Appellant

---

[1] A statement of the facts underlying Appellant's convictions and sentences is not necessary for our resolution of this Appeal.

filed a Notice of Appeal from the April 20, 2016 Judgment Entry on May 9, 2016. Appellant also filed with this Court a request to proceed informa pauperis and a request for the appointment of appellate counsel. On May 23, 2016, this Court granted Appellant's request to proceed in forma pauperus, but denied his request for the appointment of appellate counsel.

{¶5} It is from the April 20, 2016 Judgment Entry Appellant appeals, raising the following assignments of error:

{¶6} "I. WHETHER AN APPELLATE COURT'S REPEATED DENIAL TO ACKNOWLEDGE AND GRANT AN INDIGENT DEFENDANT'S 'WRITTEN REQUESTS' FOR PREPARATION OF THE TRANSCRIPT OF PROCEEDINGS (ON AN APPEAL AS OF RIGHT), APP. R. 4(A); AND REQUEST FOR APPOINTED OF COUNSEL, CRIM. R. 44(A) IMPLICATES FUNDAMENTAL FAIRNESS, DUE PROCESS, THE RIGHT TO COUNSEL AND THE RIGHT TO A MEANINGFUL APPEAL AS OTHERWISE GUARANTEED BY THE FEDERAL CONSTITUTION'S SIXTH AND FOURTEENTH AMENDMENTS.

{¶7} "II. WHETHER THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION(S) FOR LEAVE TO WITHDRAW GUILTY PLEA ON THE BASIS OF (3) INDEPENDENT PROPOSITIONS, I.E., (1) BREACH OF AN UNDERLYING CONTRACTUAL PLEA AGREEMENT; (2) AS A PRE-SENTENCE MOTION TO WITHDRAW, STATE V. BOSWELL, 121 Ohio St.3d 575; and STATE V. SARKOZY, 117 Ohio St.3d 86; AND A POST-SENTENCE MOTION [TO CORRECT A RESULTING MANIFEST INJUSTICE] IMPLICATES DUE PROCESS AND FUNDAMENTAL FAIRNESS AND CONSTITUTES A CLEAR AND COMPELLING ABUSE OF

DISCRETION. SEE ALSO: <u>SANTOBELLO V. NEW YORK</u>, 404 U.S. 257; <u>STATE V. ADAMS</u>, 2014 Ohio 724, at HN: 2."

I

{¶8} In his first assignment of error, Appellant maintains this Court erred in denying his "repeated written requests" for the preparation of the transcript of the proceedings and for the appointment of counsel.

{¶9} An appellate court is generally bound by its own prior rulings. *Abroms v. Synergy Bldg. Sys.,* 2d Dist. Montgomery No. 23944, 2011–Ohio–2180, ¶ 30.

{¶10} Assuming a reviewing court makes an error, such error in the appellate decision may be appealed to the Ohio Supreme Court.

{¶11} Appellant's first assignment of error is overruled.

II

{¶12} In his second assignment of error, Appellant contends the trial court erred and abused its discretion in denying his motion for leave to withdraw guilty plea. We disagree.

{¶13} Although captioned a "Motion for Leave to Withdraw Guilty Plea", the motion is, in substance, a petition for post-conviction relief based upon Appellant's alleged denial of his constitutional right to the effective assistance of counsel. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997 -Ohio- 304, syllabus.

{¶14} An appellate court reviews a ruling on a post-conviction petition for an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679. An abuse of discretion is found only when it is determined that a trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶15} Appellant asserts his trial counsel provided ineffective assistance by failing to advise him of a favorable plea bargain. Specifically, Appellant explains although the state offered him an aggregate sentence of five years in exchange for his pleading guilty to all the charges contained in the indictment, trial counsel did not communicate this plea bargain to him.

{¶16} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. *McMann v. Richardson* (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 1449. Courts employ a two-step process to determine whether the right to effective assistance of counsel has been violated. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.*

{¶17} An attorney properly licensed in the state of Ohio is presumed competent. *State v. Lott* (1990), 51 Ohio St.3d 160, 174. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that

counsel's action might be sound trial strategy. *State v. Smith* (1985), 17 Ohio St.3d 98, 100. In demonstrating prejudice, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.

**{¶18}** Appellant has failed to provide this Court with a transcript of his change of plea hearing.    Such transcript may have revealed the plea offer was, in fact, communicated to Appellant. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab .,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶19}** Assuming, arguendo, a copy of the transcript is not necessary for our resolution of this portion of Appellant's assignment of error, we, nonetheless, find Appellant cannot establish his right to effective assistance of counsel was violated.

**{¶20}** A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the deficient performance prong of the *Strickland* test. *Griffin v. United States* (C.A.6, 2003), 330 F.3d 733, 737. See, also, *Williams v. Arn* (N.D.Ohio1986), 654 F.Supp. 226 (a trial attorney performs deficiently when he or she does not disclose to the client that the state has made a plea offer); *Johnson v. Duckworth* (C.A.7, 1986), 793 F.2d 898, certiorari denied (1986), 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (criminal defense attorneys have a duty to inform their clients of plea bargains proffered by the prosecution; failure to do so constitutes ineffective assistance under the Sixth and Fourteenth Amendments).

However, even if Appellant's trial counsel's performance was deficient, Appellant failed to show he was prejudiced as a result. To establish prejudice, Appellant must show he would have accepted the plea offer had it been communicated to him. See, *Haley v. United States* (C.A.6, 2001), 3 Fed. Appx. 426, 2001 WL 133131, certiorari denied, 534 U.S. 1031, 122 S.Ct. 568, 151 L.Ed.2d 441. Appellant did not include an affidavit with his motion indicating had he been informed of the plea offer, he would have accepted it.

**{¶21}** Furthermore, it is well settled a trial court enjoys wide discretion in deciding whether to accept or reject a negotiated plea agreement. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Akron v. Ragsdale,* 61 Ohio App.2d 107, 109–10, 399 N.E.2d 119 (9th Dist.1978). Indeed, a defendant has no absolute right to have a guilty plea accepted. *Santobello* at 262, 92 S.Ct. 495, 30 L.Ed.2d 427; *Lafler v. Cooper,* 556 U.S. ——, 132 S.Ct. 1376, 1395, 182 L.Ed.2d 398 (2012). Appellant has failed to present any evidence the trial court would have accepted the plea bargain. Therefore, he cannot establish he was prejudiced by trial counsel's failure to advise him of the plea offer.

**{¶22}** Within this assignment of error, Appellant also argues his post-release control sanctions were void because the trial court failed to incorporate language into the sentencing entry advising violation time would be imposed in nine month increments. We find this argument in barred by the law of the case doctrine.

**{¶23}** The doctrine of the law of the case provides a decision of a reviewing court remains the law for that case as to all relevant legal questions in subsequent proceedings both at trial and appellate levels unless that rule of practice achieves an unjust result. *Weir v. Kebe* (1985), 29 Ohio App.3d 53, 29 OBR 62, 503 N.E.2d 177. The rule ensures

consistency in the results of the case, avoids excessive litigation, and preserves the structure of superior and inferior courts as designed by the Ohio Constitution. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2, 462 N.E.2d 410, 412. The rule was created because of the necessity of a trial court to obey the mandate of a reviewing court upon a retrial of a case. *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 731, 146 N.E. 291, 292. It applies upon remand from a reviewing court, when a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390.

**{¶24}** In his appeal from the trial court's July 17, 2015 Judgment Entry denying his "Motion for Sentencing; Motion for Issuance of a Final Appealable Order; Motion for 'Allied Offense Determination'",  Appellant challenged the trial court's imposition of post-release control sanctions. *State v. Moore*, supra.  Because this argument was raised and addressed in that appeal, Appellant is barred from reasserting it.

**{¶25}** Based upon the foregoing, we overrule Appellant's second assignment of error.

**{¶26}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Delaney, J. concur