[Cite as *Van Wert v. Akron Metro. Regional Transit Auth.*, 2016-Ohio-8072.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS VAN WERT, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2016CA00052 |
| | : | |
| AKRON METROPOLITAN REGIONAL | : | |
| TRANSIT AUTHORITY, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2014CV00475

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      December 5, 2016

APPEARANCES:

For Plaintiffs-Appellants:                For Defendants-Appellees:

WARNER MENDENHALL                         ROBERT DAANE
190 North Union St., Suite 201            ROBERT J. MCBRIDE
Akron, OH 44304                           JOHN A. MURPHY, JR.
                                          P.O. Box 24213
                                          Canton, OH 44701

                                          WILLIAM B. BENSON
                                          DALE D. COOK
                                          Two Miranova Place, Suite 700
                                          Columbus, OH 43215

*Delaney, J.*

{¶1}  Plaintiff-Appellant Thomas Van Wert, Individually and as the Executor of the Estate of Wiladine June Gilbert Van Wert appeals the February 12, 2016 judgment entry of the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The underlying facts of this appeal involve a collision between an automobile driven by Wiladine June Gilbert Van Wert ("Decedent") and a train on Portage Street in North Canton, Ohio on July 13, 2012. Decedent was killed when she drove her vehicle through the rail crossing into the path of an oncoming train.

{¶3}  Plaintiff-Appellant Thomas Van Wert, Individually and as the Executor of the Estate of Wiladine June Gilbert Van Wert filed a complaint in the Stark County Court of Common Pleas on June 14, 2013 alleging Defendants-Appellees Cuyahoga Valley Preservation and Scenic Railway Association dba Cuyahoga Valley Scenic Railroad, Mark C. Perri, Dennis M. Matlosz (hereinafter referred to as "CVSR"), and Akron Metropolitan Regional Transit Authority (hereinafter referred to as "AMRTA") were jointly and severally liable for negligently causing the death of Decedent. Appellees filed answers denying the allegations contained in Van Wert's complaint.

{¶4}  On August 12, 2013, CVSR served its First Combined Set of Interrogatories, Request for Production of Documents, and Requests for Admissions upon Van Wert. Van Wert did not respond to CVSR's discovery requests. CVSR filed a motion for summary judgment on November 7, 2013 and AMRTA filed a motion for summary judgment on November 8, 2015. The trial court set November 25, 2013 as the

deadline for Van Wert's response to the motions for summary judgment. Van Wert filed a Notice of Dismissal without prejudice on November 25, 2013.

{¶5}  Van Wert refiled his complaint on February 21, 2014.

{¶6}  CVSR and AMRTA filed answers to the complaint. On March 25, 2014, CVSR served First Combined Set of Interrogatories, Request for Production of Documents, and Requests for Admissions upon Van Wert.

{¶7}  CVSR filed its motion for summary judgment on April 24, 2014. In its motion for summary judgment, CVSR relied in part on Van Wert's failure to timely respond to the Request for Admissions in the 2013 case. CVSR argued Van Wert's admissions in the 2013 case were binding in the refiled 2014 case. CVSR also provided the affidavit of Christopher Olson, an eyewitness to the accident on July 13, 2012. CVSR argued Van Wert's admissions and the affidavit of the eyewitness demonstrated CVSR was entitled to judgment as a matter of law on Van Wert's complaint.

{¶8}  AMRTA filed its motion for summary judgment on April 25, 2014. It also argued that Van Wert's failure to respond to the Requests for Admissions in the 2013 case were binding in the 2014 case. AMRTA argued the admissions established there was no genuine issue of material fact to be litigated.

{¶9}  The trial court filed a briefing schedule on April 29, 2014. Van Wert's responses to the motions for summary judgment were due on May 12, 2014. The replies were due on May 22, 2014. A case management schedule was filed on April 30, 2014. The discovery cut-off date was October 13, 2014.

{¶10} Van Wert filed a motion for extension of time to respond to the motions for summary judgment. His counsel was in trial and required an extension until May 20, 2014.

On May 20, 2014, the trial court granted Van Wert an extension to respond to the motions for summary judgment until May 27, 2014. Replies were due on June 6, 2014.

{¶11} On May 27, 2014, Van Wert filed by facsimile a motion for additional time pursuant to Civ.R. 56(F) to respond to CVSR's motion for summary judgment. Van Wert requested additional time to take the deposition of Christopher Olson.

{¶12} Also on May 27, 2014, Van Wert filed by facsimile a response to AMRTA's motion for summary judgment. In his response, he stated, "AMRTA's Motion for Summary Judgment is based on admissions which Plaintiff has requested to withdraw and amend contemporaneously with this Response." Van Wert argued the amended admissions would establish genuine issues of material fact for trial. Van Wert also filed by facsimile a motion to withdraw and amend admissions. The docket for the Stark County Clerk of Courts states on May 27, 2014, a fax filing was rejected because it was more than a 10-page document. Counsel for Van Wert stated he contacted the Stark County Clerk of Courts and was told the faxed items had been docketed.

{¶13} On June 5, 2014, AMRTA filed a reply in support of its motion for summary judgment. In its reply, AMRTA addressed Van Wert's motion to withdraw and amend admissions. On June 6, 2014, CVSR filed a response in opposition to Van Wert's motion to withdraw and amend admissions.

{¶14} Van Wert served discovery requests upon AMRTA and CVSR on August 6, 2014.

{¶15} On August 7, 2014, Van Wert filed a motion requesting additional time to disclose experts and conduct discovery. The trial court denied the motion on August 12, 2014.

{¶16} On October 10, 2014, the trial court denied Van Wert's Civ.R. 56(F) motion for additional time. In the same judgment entry, the trial court granted summary judgment in favor of CVSR and AMRTA finding they were entitled to judgment as a matter of law based on the admissions in the 2013 case. The trial court conducted a thorough analysis of Civ.R. 36(A) and its basis for allowing the parties to utilize the 2013 requests for admissions. The trial court noted Van Wert indicated in his response to AMRTA's motion for summary judgment that he had simultaneously filed a motion to withdraw and amend admissions, but the court could find no such motion in the record.

{¶17} Van Wert filed a notice of appeal on November 7, 2014. In his appeal, he raised as his sole Assignment of Error that the trial court erred when it refused to allow him additional time to conduct discovery and respond CVSR's motion for summary judgment pursuant to Civ.R. 56(F). Van Wert did not raise as an Assignment of Error that the trial court erred in granting summary judgment in favor of CVSR and/or AMRTA. *Van Wert v. Akron Metro. Regional Transit Auth.*, 5th Dist. Stark No. 2014CA00201, 2015-Ohio-3243, ¶ 19. On August 10, 2015, we affirmed the judgment of the trial court to deny Van Wert's motion for extension of time pursuant to Civ.R. 56(F). *Van Wert*, ¶ 27.

{¶18} On October 9, 2015, Van Wert filed a motion to vacate the October 10, 2014 judgment entry granting summary judgment in favor of AMRTA and CVSR pursuant to Civ.R. 60(B)(1) and (5). Van Wert sought to vacate the judgment because he alleged the May 27, 2014 motion to withdraw and amend admissions was inadvertently not filed with the Stark County Clerk of Courts. Counsel's attached affidavit stated on May 27, 2014, he filed by facsimile a response to AMRTA's motion for summary judgment, a motion for additional time, and a motion to withdraw and amend admissions with the Stark County

Clerk of Courts. Counsel saw the docket reflected a fax filing was rejected on May 27, 2014. He contacted the Clerk's Office and was told the faxed items were docketed. After the trial court granted summary judgment in favor of AMRTA and CVSR on October 10, 2014, counsel reviewed the Clerk's case file. At that time, counsel learned the motion to withdraw and amend admissions was rejected for fax filing pursuant to Stark County Loc.R. 9.09 because the filing exceeded the page limit.

{¶19} AMRTA and CVSR responded to Van Wert's motion to vacate the October 10, 2014 judgment. Both parties argued Van Wert could not utilize Civ.R. 60(B) to promulgate an argument that could have been raised to the trial court prior to his appeal or during his appeal of the October 10, 2014 judgment.

{¶20} The trial court set a briefing schedule, but did not hold a hearing before ruling on the motion to vacate. On February 12, 2016, the trial court denied Van Wert's motion to vacate the October 10, 2014 judgment. The trial court found Van Wert's arguments were barred by the law of the case doctrine pursuant to this Court's decision in *Van Wert v. Akron Metro. Regional Transit Auth.*, 5th Dist. Stark No. 2014CA00201, 2015-Ohio-3243. The trial court further found Van Wert could not use a motion for relief from judgment as a substitute for a direct appeal of the issue.

{¶21} Van Wert now appeals the trial court's February 12, 2016 judgment.

**ASSIGNMENT OF ERROR**

{¶22} Van Wert raises one Assignment of Error:

{¶23} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANTS' CIV.R. 60(B) MOTION BASED ON THE LAW OF THE CASE DOCTRINE."

## ANALYSIS

### Standard of Review

{¶24} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶25} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland,* 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

### Civ.R. 60(B) Cannot Be Used as a Substitute for an Appeal

{¶26} The trial court held the law of the case doctrine barred Van Wert from arguing that the October 10, 2014 judgment should be vacated because his motion to withdraw and amend admissions was not properly filed. The doctrine of the law of the case provides a decision of a reviewing court remains the law for that case as to all relevant legal questions in subsequent proceedings both at trial and appellate levels unless that rule of practice achieves an unjust result. *State v. Moore*, 5th Dist. Stark No. 2016CA00094, 2016-Ohio-7380, ¶ 23 citing *Weir v. Kebe*, 29 Ohio App.3d 53, 29 OBR

62, 503 N.E.2d 177 (8th Dist.1985). The rule ensures consistency in the results of the case, avoids excessive litigation, and preserves the structure of superior and inferior courts as designed by the Ohio Constitution. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410, 412 (1984).

{¶27} The trial court determined the issue of the 2013 requests for admissions and Van Wert's attempt to withdraw and amend those admissions were ripe for review prior to Van Wert's appeal and/or during his appeal of the October 10, 2014 judgment. Counsel's affidavit in support of the motion for relief from judgment stated counsel became aware of the filing error when the trial court made note of the missing filing in the October 10, 2014 judgment entry. Counsel then examined the case file and determined the motion to withdraw and amend admissions was never filed. In its judgment entry denying the motion for relief from judgment, the trial court noted Van Wert did not immediately raise the issue to the trial court or to the court of appeals, but instead filed the Civ.R. 60(B) motion after the conclusion of the appeal and approximately one year after the original judgment.

{¶28} "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Sheridan v. Dobos*, 5th Dist. Delaware No. 15 CAE 09 0075, 2016-Ohio-3155, ¶ 19 quoting *U.S. Bank, N.A. v. Avery*, 5th Dist. Richland No. 14CA89, 2015–Ohio–3908, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006–Ohio–1934, 846 N.E.2d 43. Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. *U.S. Bank, N.A. v. Marino*, 5th Dist. Delaware No. 12 CAE 09 0065, 2014-Ohio-3453, ¶ 45 citing *Bank of New York v. Jackson*, 8th Dist. Cuyahoga No. 99874,

2013–Ohio–5133, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Coulson v. Coulson*, 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983). *See Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, 442 N.E.2d 1313 (5th Dist.1981), paragraph one of the syllabus.

{¶29} In this case, Van Wert is attempting to relitigate an issue he could have, but failed to, raise before the trial court or in the original appeal of the October 10, 2014 judgment. The October 10, 2014 judgment denied Van Wert's Civ.R. 56(F) motion for extension to respond to CVSR's motion for summary judgment. It also granted both CVSR's and AMRTA's motions for summary judgment, based on the 2013 admissions. In his direct appeal of the October 10, 2014 judgment, Van Wert only assigned as error the trial court's denial of the Civ.R. 56(F) motion. *Van Wert*, ¶ 19.

{¶30} After the October 10, 2014 judgment, Van Wert had the opportunity to file a motion for relief from judgment based on the trial court's notification that it did not receive or consider Van Wert's motion to withdraw or amend admissions. In the alternative, Van Wert could have raised an assignment of error in his direct appeal that the trial court erred when it considered the 2013 admissions as the basis for granting summary judgment in favor of CVSR and AMRTA. The record shows that both CVSR and AMRTA responded to Van Wert's motion to withdraw and amend admissions, arguing the trial court should deny the motion and the 2013 admissions were admissible. These arguments were available to Van Wert prior to his October 9, 2015 motion for relief from judgment.

{¶31} Van Wert's failure to raise his arguments about the improper filing of the motion to withdraw and amend admissions prior to or during the direct appeal limited the

trial court's ability to consider Van Wert's argument that he was entitled to relief from judgment. The trial court was bound by the law of the case and res judicata prevented Van Wert from presenting a meritorious defense or claim. A failure to establish any one of the three *GTE* requirements will cause the motion for relief from judgment to be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). The trial court did not abuse its discretion when it denied the motion for relief from judgment.

## CONCLUSION

{¶32} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.